UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN BLALOCK, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-371 DRL-SJF |
| KAREN KAHLER, | |
| Defendant. | |

OPINION AND ORDER

Steven Blalock, a prisoner without a lawyer, filed a complaint alleging Karen Kahler stole prescription medication from his locker at the Huntington County Work Release Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Blalock alleges Karen Kahler was a Living Unit Coordinator when she stole eight Vyvance pills from his locker at the Huntington County Work Release Facility. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But the loss of property, alone, does

not state a claim under the Fourteenth Amendment. This amendment requires a loss of property *without due process*. Indiana provides due process.

Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress the accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). These state laws provide a method for Mr. Blalock to seek reimbursement for both the negligent loss and the intentional deprivation of property; that meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Additional process remains available to Mr. Blalock, so the complaint does not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE so he can pursue his claims in state court after filing an Indiana tort claim.

SO ORDERED.

August 7, 2025                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court